-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL P. CURLEY,

        Plaintiff,

        -v-

MR. T.J. MURRAY, MR. R. CLARK,
MR. G.S. GOORD, and MR. K. MCLAUGLIN,

        Defendants.

DECISION AND ORDER
05-CV-0724Sr

---

## INTRODUCTION

Plaintiff, Michael Curley, an inmate of the Gowanda Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2, 5). He has also filed a motion for appointment of counsel. (Docket No. 3).

Plaintiff claims that an inmate used the Prison Law Library to research plaintiff's criminal record, in violation of Prison Rule 113.27, and divulged this criminal history to others. Plaintiff then alleges that defendant Clark, a correctional counselor, revealed his criminal history to another inmate and told this other inmate that he believed that because of plaintiff's criminal offenses he should not be housed in general population.

Plaintiff filed an internal prison grievance regarding the counselor's actions and also forwarded a letter to the New York State Department of Correctional Services' ("DOCS") Inspector General's Office. The Inmate Grievance Review Committed advised plaintiff that it would refer the grievance directly to defendant Murray, Superintendent of Gowanda, and plaintiff then received a

letter from defendant McLaughlin, Director of Operations, Inspector General's Office, advising him that it would refer the matter directly to defendant Murray. Murray subsequently denied the grievance.

Plaintiff does not allege that he suffered any physical injury or harm and requests that (1) defendant Goord, Commissioner of DOCS, require Murray to "more closely monitor" his subordinates, (2) the Inspector General's Office and McLaughlin be ordered to resume its role as an independent investigating agency, and (3) all correctional counselors be evaluated on an annual basis by an independent psychiatric agency. Plaintiff does not identify what specific constitutional right he claims was violated or what harm, if any, he suffered by the alleged disclosure of his criminal record by Clark, which record plaintiff admits is a matter of public record. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. His motion for the appointment of counsel (Docket No. 3) is denied as moot.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because it fails to state a claim upon which relief may be granted.

Initially, the Court notes that, while it is obligated to liberally construe plaintiff's complaint, plaintiff does not identify what federal constitutional right he claims was violated by defendant Clark's alleged disclosure of his criminal record, which he readily admits is a matter of public record. The most plaintiff alleges is that Clark violated what he described as the "counselor/client confidentiality" and prison "protocol," which has compromised security and placed his and other's lives in jeopardy. (Complaint, ¶¶ 3 (A)-(C)). This does not allege, in any way, a violation of a constitutional right made actionable under § 1983. *See Marisol A. by Forbes v. Giuliani,* 929 F.Supp. 662, 673 (S.D.N.Y. 1996) ("§ 1983 is . . a vehicle through which a private plaintiff may pursue a claim for an alleged constitutional violation by a person acting under color of state law (*citing Golden State Transit Corp. v. City of L.A.*, 493 U.S. 103, 105 (1989), *aff'd*, 126 F.3d 372 (2d Cir. 1997).

3

The allegation against Clark is that he breached prison protocol or counselor/client confidentiality neither of which allege a violation of a constitutional right. An inmate's allegation that a prison rule has been violated does not necessarily state a constitutional claim. *See Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir.), *cert. denied*, 484 U.S. 896. "As a general rule, there is no federal right to have state law properly administered." *Ramirez v. Holmes*, 921 F. Supp. 204, 208 (S.D.N.Y. 1996) (citing *Smith v. O'Connor*, 901 F. Supp. 644, 647-648 (S.D.N.Y. 1995), which quoted *Taylor v. Nichols*, 409 F. Supp. 927, 933 (D.Kan. 1976), *aff'd*, 558 F.2d 561 (10th Cir. 1977), to the effect that "[a]n individual's right to have the relevant state laws strictly obeyed is not a federal right protected by the Civil Rights Act of 1871 or the Constitution of the United States"). A breach of the counselor/client privilege, to the extent one is recognized, is an alleged violation of state law only. Moreover, plaintiff admits that what was disclosed was a matter of public record. The Court is not condoning what the corrections counselor allegedly did but is only stating that what is alleged does not state an actionable claim under § 1983.

As to the claims against the remaining defendants, Goord, Murray and McLaughlin, it is clear that said claims must be dismissed because not only does plaintiff fail to raise a constitutional claim as against them but he also fails to allege that they were personally involved in the alleged disclosure of his criminal record. These defendants are simply sought to be held liable in their supervisory rules. Plaintiff may not rely on the doctrine of *respondeat superior* to establish a claim under § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978). "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim." *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Accordingly, the complaint must be dismissed.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted and his motion for appointment of counsel is denied as moot;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 1, 2006